AO 106 (Rev. 04/10) Application for a Search Warrant

## UNITED STATES DISTRICT COURT
for the
District of South Carolina

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

113 Dartmoor Drive, Greer South Carolina

Case No. 6:19-cr-949-KFM

### APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A to Affidavit

located in the _____ District of ___South Carolina___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B to Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 287 | False Claims |

The application is based on these facts:
See Affidavit

☐ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Doyle E. Mullis, III, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/13/19

*Judge's signature*

City and state: Greenville, SC

Kevin F. McDonald, US Magistrate
*Printed name and title*

# AFFIDAVIT

I, Doyle E. Mullis, III, being duly sworn, do hereby depose and state:

## Introduction and Qualifications

1. I am a Special Agent with the Defense Criminal Investigative Service (DCIS), the criminal investigative division of the Office of the Inspector General, U.S. Department of Defense, and I am assigned to the DCIS Charleston, South Carolina Post of Duty. I have received formal education and training in the concepts of probable cause and reasonableness for searches and seizures that conform with the application of the 4th Amendment of the U.S. Constitution, having received training at the Federal Law Enforcement Training Center and other Federal law enforcement learning centers, and having received my Juris Doctor degree. I have over twenty-three years of law enforcement experience, with over eighteen years of experience as a Federal Special Agent with the U.S. Department of Defense (DoD), and with the remainder of this experience coming from service with the U.S. Army's Judge Advocate General's and Military Police Corps.

2. As part of my daily duties as a DCIS agent, I investigate and enforce violations of various titles of the United States Code to include Title 10 (Armed Forces), Title 18 (Crimes and Criminal Procedure), Title 31 (Money and Finance), Title 41 (Public Contracts), and Title 50 (War and National Defense). DCIS agents perform these investigations primarily under the authority of Public Law 95-452, The Inspector General Act of 1978, as amended by Public Law 97-252, The 1983 DoD Authorization Act. In the course of my employment as a federal law enforcement agent, I have gained experience and training in the investigation

of cases involving fraud by individuals and companies, public corruption by Department of Defense (DoD) employees, the use of email, and the use of electronic devices such as computers smartphones, and tablets, and the internet to facilitate criminal behavior including fraud and public corruption. In conducting my investigations, I have used interview and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, and various criminal law and procedures. Over the course of my career as a Special Agent, I have executed numerous federal search warrants, including warrants for email accounts, residences, and businesses.

3. Through experience and training, I have become familiar with the methods and schemes used by individuals engaged in health care fraud. I am familiar with the rules and regulations governing health care providers such as applied behavior analysis (ABA) autism therapy providers. This search warrant pertains to ABA autism therapy provider Progressive Behavior Consulting, LLC, owned by Brandon C. Clark and Brynn M. Clark.

4. This affidavit is made in support of an application to search the residence and home office, to include any electronic devices therein with memory storage capabilities, of Brandon C. Clark and Brynn M. Clark, who owned and operated Progressive Behavior Consulting, LLC, with this health care provider having been operated from their residence (their home office) located at 113 Dartmoor Drive, Greer, Greenville County, SC.

5. Progressive Behavior Consulting, LLC (hereinafter, Progressive Behavior) is a health care provider that has operated in Georgia and South Carolina since 2015, first establishing an office at Suite 11, 254 Red Cedar Street in Bluffton, SC (now closed), and has billed federal and state entities for providing ABA therapy services to children located in South

2

Carolina and Georgia. Progressive Behavior has provided ABA therapy services to children who are beneficiaries of the U.S. Department of Defense's TRICARE program, and children who are beneficiaries of the State of South Carolina's Medicaid program. Progressive Behavior has also provided ABA therapy services to the school districts of Beaufort County in South Carolina and Effingham County in Georgia.

6. On November 7, 2019, I spoke telephonically with Brynn M. Clark, who told me that Progressive Behavior was "completely out of business" and is no longer billing TRICARE. Brynn M. Clark told me she handles the bookkeeping for Progressive Behavior and she confirmed Progressive Behavior's records are at their residence and home office, which is located at 113 Dartmoor Drive, Greer, SC. Brynn M. Clark told me that she and her husband Brandon C. Clark moved to their residence over a year ago and began operating Progressive Behavior from their residence. Brynn M. Clark further told me that she and her husband would "put in the billing" through a billing platform, Kareo.

7. The facts I have set forth here, and that I further set forth in this affidavit, are based on my own personal knowledge; and knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, as well as surveillance; interviews; open source searches; reviews of government records and databases, to include records maintained by government contractors; agent review of documents and emails related to this investigation; and information I have from my training and experience.

8. All the dates, times, and amounts listed in this affidavit are approximate. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of

3

the application for this search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## Investigative Information Supporting Probable Cause

9. This affidavit is based on facts obtained to the present from a joint investigation of the DCIS; the U.S. Health and Human Services (HHS) Office of Inspector General's (OIG) Office of Investigations; and the South Carolina Attorney General's Medicaid Fraud Control Unit (SCAG-MFCU).

10. The persons conducting this investigation, employees of the DCIS, HHS-OIG, and the SCAG-MFCU; hereinafter, "the agents," received and reviewed a complaint from a well-placed source, a confidential informant, formerly associated with Brandon C. Clark, an owner and the principal operator of Progressive Behavior, a health care practice that provided therapy to persons affected with autism. Brandon C. Clark presently resides in Greer, SC, in the Upstate (upper piedmont and mountain region) of South Carolina.

11. This source had regular and recurring knowledge of Clark's business operations, to include his use of Kareo, a health care practice management platform. The Kareo electronic health records (EHR) platform primarily supports patient scheduling and billing for health care practices such as Progressive Behavior.

12. The source noted in the Fall of 2018, both in November and December 2018, that Brandon C. Clark was scheduling himself in the Kareo software platform to see patients that he had not traditionally seen as an autism therapy provider. This source, familiar with EHR processing, and knowing such patient scheduling can be a predicate to subsequent billing of medical indemnity or insurance payers like the Department of Defense's TRICARE

4

program for military members, military retirees, and their dependent family members, confronted Brandon C. Clark with what the source observed in the patient scheduling section of the Kareo platform.

13. The source briefed the agents that Brandon C. Clark did not deny the source's allegations to him that there were improprieties in patient scheduling and subsequent billing for patients that he did not normally see as an autism therapy provider. The source briefed that Brynn M. Clark assists Brandon C. Clark with managing Progressive Behavior. Brynn M. Clark is Brandon C. Clark's wife.

14. The source helped the agents with the identities of patients AG, DL, PL, TL, and JM, and said that these minors lived in the Lowcountry (coastal) area of South Carolina. The source further related concern that Brandon C. Clark may be billing a school system, Effingham County Schools, located in the Savannah (coastal) area of Georgia, for visits by him that did not occur.

15. The source asserted to the agents that Brandon C. Clark and his spouse, Brynn M. Clark, moved to Greer, SC on or around July 2018. The source felt Brandon C. Clark could not regularly provide therapy to AG, DL, PL, TL, and JM, since Greer, SC is approximately located 240 miles from Bluffton, SC, where these minors resided. The source further felt Brandon C. Clark could not be providing one on one therapy with any students at Effingham County Schools, since Greer, SC is approximately located 220 miles from Springfield, GA, where Effingham County Schools are primarily located.

16. Your affiant checked publicly available records, and found Brandon C. Clark and Brynn M. Clark purchased a home located at 113 Dartmoor Drive in Greer, SC on or around July 1, 2018, after residing in Pooler, GA, a coastal GA area community located 32 miles from

5

Bluffton, SC, and located 23 miles from Springfield, GA.

17. Your affiant obtained records from Kareo pertaining to Progressive Behavior, and saw scheduling for Brandon C. Clark as an individual therapy provider for patients AG, DL, PL, TL, and JM, as well as care events by Brandon C. Clark for Effingham County.

18. In Progressive Behavior's notes section for the patient appointments within Kareo, there were notes created on seeing patients AG, DL, PL, TL, and JM for visits by Brandon C. Clark as an individual provider. Most patient appointment notes for Brandon C. Clark visiting as a provider at Effingham County Schools contained the entry, "NULL."

19. The agents conducted interviews of one of the parents of each of the patients AG, PL, and TL on September 10, 2019. These parent interviews established Brandon C. Clark had never seen patients AG, PL, and TL as an autism therapy provider.

20. Your affiant obtained individual provider claims data for Brandon C. Clark from the Defense Health Agency's Program Integrity division (DHA-PI) on September 26, 2019. The individual rendering provider claims report for Brandon Clark shows a total of $365,213.87 that TRICARE paid for services rendered by Clark for autism therapy, allegedly provided by Clark from January 29, 2015 through to August 15, 2019. This claims data further showed billing to the Defense Health Agency's TRICARE program for Brandon C. Clark seeing patients AG, DL, PL, TL, and JM for one-on-one autism therapy as an individual provider.

21. The TRICARE claims data showed Brandon C. Clark was billed out for instances of one-on-one therapy services to patient AG from October 11, 2015 to November 30, 2018, with a total of 106 instances of care with AG. $21,132.59 was paid by TRICARE for these

visits to patient AG attributable to Brandon C. Clark. As previously stated, a parent of AG told the agents Brandon C. Clark had never seen this child as a patient.

22. The TRICARE claims data showed Brandon C. Clark was billed for one-on-one therapy services to patient PL from June 26, 2017 to April 8, 2019, with a total of 56 instances of care with PL. $8,953.08 was paid by TRICARE for these visits to patient PL attributable to Brandon C. Clark. As previously stated, a parent of PL told the agents Brandon C. Clark had never seen this child as a patient.

23. The TRICARE claims data showed Brandon C. Clark was billed out for one-on-one therapy services to patient TL from June 26, 2017 to July 18, 2019, with a total of 99 instances of care with TL. $12,583.32 was paid by TRICARE for visits to patient PL attributable to Brandon C. Clark. TRICARE later identified one of these instances of care, on June 13, 2018 for $687.50, as an overpayment / duplicate payment to Progressive Behavior, and included this care instance as part of a $1,500.00 recoupment from Progressive Behavior. As previously stated, a parent of TL told the agents Brandon C. Clark had never seen this child as a patient.

24. An interview of persons involved in the executive management of Effingham County Schools in Springfield, GA was conducted on September 10, 2019. This interview session revealed Brandon C. Clark, as an individual health care provider, did not provide autism therapy to any Effingham County School students.

25. This was further established by reviewing facility sign-in logs, with no sign-in records to support the visits Brandon C. Clark was shown in Kareo to have billed Effingham County Schools for as an individual provider. One of the representatives also stated therapists employed by Brandon C. Clark had visited the facility to provide a student with autism

7

therapy, but Brandon C. Clark had only been to Effingham County Schools one time in the 2018 – 2019 school year for a total of six hours.

26. The management representative indicated Brandon C. Clark's six-hour visit might have been for contract administration duties of Progressive Behavior's contract with the Effingham County Schools for therapy services for the student. This representative was involved with the contract negotiations with Brandon C. Clark for the 2019 – 2020 year. During these negotiations, Clark stated he decided to close Progressive Behavior in July 2019, and the contract negotiations ceased.

27. A review of the Effingham County Schools sign-in log, compared to Progressive Behavior's billing to the school district for the 2018 – 2019 year (August 2018 – May 2019), shows that Effingham County Schools was billed for 288 instances of care, compared to 154 entries on the sign-in log for two therapists working for Brandon C. Clark. As previously stated, there are no entries for Brandon C. Clark on the visitor sign-in log; and of the instances of care attributable to Brandon C. Clark as an individual rendering provider, billed to the Effingham County Schools, some of these instances of care billed were also for Saturdays.

28. On October 9, 2019, a parent of each of the minors DL and JM was interviewed in Bluffton, SC. These interviews revealed a total of 33 different care events attributable in the EHR records for Brandon C. Clark providing therapy to these children that never occurred. Care events for these other two children can also be further traced to billing of TRICARE for Brandon C. Clark as an individual therapy provider.

## Summary of Probable Cause and Basis for Search and Seizure

29. To summarize the probable cause for this affidavit, five minor TRICARE beneficiaries in the South Carolina Lowcountry have hundreds of instances of care attributable to Brandon C. Clark, a resident of the South Carolina Upstate. The Effingham County Schools in the Savannah, GA area has also been billed for visits by Brandon C. Clark, to include Saturdays when school was not in session, and the facility sign-in logs show Brandon C. Clark never signed in to be there. Patient note entries were made in the Kareo EHR platform to document many of these visits by Brandon C. Clark, visits that these parents and the school administrators state never occurred.

30. Based on my training and experience, I know that businesses like Progressive Behavior generate and keep documentation relating to their business, such as patient records, billing records, and financial records, such as accounting records and tax records.

31. Based on my training and experience, I know that records can be in paper or electronic form, and electronic evidence may be found in deleted data, remnant data, and slack space, as well as metadata.

32. I also know from my training and experience that individuals who engage in fraud will often conduct fraudulent billing, and attempt to conceal their behavior, using electronic means, including but not limited to email, texts, and messaging.

33. I know that persons who own and operate a business from a home office, within their residence, will have in the residence various electronic memory storage and communication devices, such as computers, smartphone, and tablets, available for their use in the conduct of their business, to include submission of false claims for payment for health care services

not rendered, as well as being used to communicate messages that do not reveal the true nature of their illegal activities, or messages that hide their true intentions of their scheme.

34. Based on these facts, and based on your affiant's training and experience, your affiant believes there is probable cause that Brandon C. Clark violated these criminal statutes: 18 USC § 287, False Claims; 18 USC § 1343, Fraud by Wire; and 18 USC § 1347, Health Care Fraud in that Brandon C. Clark did these aforementioned things, within the ambit of these criminal statutes. Your affiant believes evidence of this will be found within the premises of 113 Dartmoor Drive, to include any electronic memory storage devices that can access the internet or cable or telephone lines, found within those premises; specifically and further described in Attachments A and B to this search warrant application affidavit.

35. Your affiant respectfully requests a search and seizure warrant be issued for the residence of Brandon C. Clark and Brynn M. Clark at 113 Dartmoor Drive, to include searching and seizing any electronic devices therein with memory storage capability. Every effort will be made to take an image of the storage of each electronic device while on the premises, so as to not have to remove any device from the premises. However, if any device cannot be imaged onsite for any reason, the device will be seized for further analysis and later imaging at a computer forensic facility, and the device will be returned to the owners as expeditiously as possible.

36. Assistant United States Attorney Bill Watkins has reviewed this affidavit, which has been prepared by your affiant.

_____
Doyle E. Mullis, III
Special Agent, DCIS

Sworn to and subscribed to before me this 13th day of November, 2019.

Kevin F. McDonald

United State Magistrate Judge

District of South Carolina

## Attachment A

113 Dartmoor Drive is a multi-story dwelling mostly constructed of brick, set up on a slight rise from the street, located on Dartmoor Drive in the River Downs II community, Greer, SC, approximately 1/8 of a mile from the intersection of W. Hackney Road and Hammett Road in Greenville County, SC. A photograph of 113 Dartmoor Drive, with observed vehicles similar to those registered to Brandon C. Clark and Brynn M. Clark, as found within SC Department of Motor Vehicle Records, is attached.

**ATTACHMENT B**

LIST OF ITEMS TO BE SEIZED

Any cellular telephone, computer, and associated hardware and peripherals, which may contain records of services, billing, travel, in connection with the operation of Progressive Behavior Consulting, LLC.

Any passwords, password files, test keys, encryption codes, or other information necessary to access the computer equipment, storage devices, or data.

Any and all correspondence, electronic or otherwise, pertaining to the operation of Progressive Behavior Consulting, LLC.

Any and all books, ledgers, and records bearing on the operation of Progressive Behavior Consulting, LLC.